**Felix DELGADO–BRUNETT,
Plaintiff–Appellant,**

v.

**Harley G. LAPPIN, et al., Defendants–
Appellees.**

No. 01–1781.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002.*

Decided April 18, 2002.

Rehearing Denied May 20, 2002.

Before BAUER, KANNE and DIANE P. WOOD, Circuit Judges.

### ORDER

Felix Delgado–Brunett (Delgado) appeals the grant of summary judgment in favor of the defendants in his action alleging that prison officials at the United States Penitentiary in Terre Haute, Indiana, had engaged in a variety of unconstitutional practices. We vacate the judgment of the district court and remand with instructions to dismiss the complaint without prejudice for failure to exhaust administrative remedies.

Delgado filed a complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), on behalf of all Hispanic inmates who are deprived of educational materials because, Delgado alleges, they are being unconstitutionally housed in administrative segregation. After the district court denied his request for class certification, Delgado filed an amended complaint in which he added claims that prison officials violated his right of access to the courts and denied him due process by placing him in a segregated housing unit during the investigation of his possible violation of prison rules. The defendants moved for summary judgment, which the district court granted, concluding that Delgado had failed to show any disputed issues of material fact with respect to his constitutional claims.

As the first point in their summary judgment motion, the defendants argued that Delgado had failed to exhaust his administrative remedies prior to filing his complaint, *see* 42 U.S.C. § 1997e(a), and they renew that argument in their brief on appeal. We have held that when a defendant invokes the protections of § 1997e(a) and chooses not to face a decision on the merits, a court should not proceed to a substantive decision until it has addressed the exhaustion issue. *See Perez v. Wis. Dept. of Corr.,* 182 F.3d 532, 536 (7th Cir.1999). But the district court here did not consider the exhaustion issue, even though the record demonstrates that Del-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

gado failed to complete the prison grievance process, a shortcoming he admitted in his response to the summary judgment motion. And although Delgado contends that he need not exhaust his administrative remedies because his attempts would be futile, the cases illustrate that an attempt at exhaustion is required nonetheless. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, —— L.Ed.2d —— (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *McCoy v. Gilbert*, 270 F.3d 503, 511 (7th Cir.2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir.2000); *Perez*, 182 F.3d at 536–37.

Therefore, the judgment of the district court is VACATED, and the case REMANDED for instructions to dismiss without prejudice for the failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).