In the

# United States Court of Appeals

### For the Seventh Circuit

No. 13-2247

ROY FLUKER, *et al.*,

*Plaintiffs-Appellants*,

*v.*

COUNTY OF KANKAKEE, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:11-cv-02254-MPM-DGB — **Michael P. McCuskey**, *Judge*.

ARGUED DECEMBER 6, 2013 — DECIDED DECEMBER 20, 2013

Before KANNE and ROVNER, *Circuit Judges*, and DURKIN, *District Judge*.[*]

DURKIN, *District Judge*. Riding as a prisoner in the back of a patrol van, Roy Fluker was injured when the van stopped short and he tumbled off his seat. Roy and his wife, Debra

_____

[*] Of the United States District Court for the Northern District of Illinois, sitting by designation.

Fluker, later filed suit against the County of Kankakee, Illinois, and the Kankakee County Sheriff's Office (collectively, the "Defendants"), alleging various injuries resulting from the incident. The Defendants moved for summary judgment after the close of discovery, which the district court granted because Roy failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a), and alternatively, because the Flukers' suit could not succeed on the merits. The Flukers contend the district court made several errors in dismissing their suit with prejudice, but for the following reasons, we affirm.

## BACKGROUND

The facts of this case arise out of Roy's time at the Jerome Combs Detention Center (the "Center") in Kankakee, Illinois, between February 11, 2011, and July 9, 2011.[1] Roy was at the Center after being convicted in May 2010 of federal charges related to a fraudulent scheme that he devised with his son and daughter. *See United States v. Fluker*, 698 F.3d 988 (7th Cir. 2012).

On June 14, 2011, correctional officers were transporting Roy and another inmate in a police van from a doctor's appointment back to the Center when their van was cut off by another vehicle. That van abruptly stopped in front of the van carrying Roy, causing the driver of Roy's van to slam on the breaks. Roy, who was not wearing a seatbelt at the time,

---

[1] The Jerome Combs Detention Center is one of a number of county jails that have contracted with the Federal Bureau of Prisons to provide housing for prisoners who are unable to stay at the Metropolitan Correctional Center because of overcrowding.

flew off his seat and crashed into the metal divider between the front and rear of the van. The transporting officers noticed that Roy may have suffered an injury and returned to the Center shortly thereafter.

The van carrying Roy arrived at the Center approximately 10 minutes after the incident. Officer Marcus Tatum evaluated Roy on arrival, cleaned and bandaged a laceration on Roy's head, and suggested that Roy go to the hospital for stitches. Officers then transported Roy to Provena St. Mary's Hospital, where Roy had an x-ray, a CT scan, and an MRI. Doctors discovered that Roy fractured a vertebra in the crash, and Roy underwent fusion surgery on his back two days later.

As a result of the incident, Roy filed suit against the County of Kankakee and the Kankakee County Sheriff's Office on September 28, 2011. He alleged constitutional violations and a claim for willful and wanton conduct under Illinois state law. On December 5, 2011, Roy amended his complaint and added his wife Debra as a plaintiff; she alleged a loss of consortium under both federal and state law. The magistrate judge set March 9, 2012, as the deadline for adding parties; no other additional parties or claims were added by that date.

The Defendants filed a motion to dismiss Debra's federal loss of consortium claim, which the district court granted on July 25, 2012. On September 6, 2012, the County filed its answer to the amended complaint and an affirmative defense based on the PLRA, claiming that Roy failed to exhaust administrative grievance procedures as required. *See* 42 U.S.C. § 1997e(a). The Sheriff's Office filed a motion for leave to file the same affirmative defense; the Flukers objected and also

moved to strike the County's answer and affirmative defense. Alternatively, the Flukers asked for leave to file a second amended complaint to name additional parties.

The magistrate judge granted the Sheriff's Office's motion for leave to add the PLRA affirmative defense on October 25, 2012, and in turn denied the Fluker's motion to strike the County's PLRA defense. Even though the judge found the County's answer to be untimely, *see* Fed. R. Civ. P. 12(a)(4)(A), he concluded that the Flukers were not prejudiced by the County's inadvertent late filing or by the Sheriff's Office's assertion of the defense. The judge also denied the Flukers' request to amend their amended complaint but stated that they "may file a motion for leave to amend that better explains why they seek to add additional defendants and allegations, and why they should be granted leave to do so." He did not, however, articulate a specific time limit or deadline for seeking leave to amend.

The Defendants moved for summary judgment on November 29, 2012, after the close of fact discovery. The motion was based on the PLRA defense *and* the merits. In response, on February 4, 2013, the Flukers filed another motion to amend their amended complaint, seeking to add individual defendants and a negligence claim under Illinois state law. They also filed a motion to voluntarily dismiss the case so that Roy could exhaust his administrative remedies and then re-file the case at a later date. These motions were in addition to the Flukers' substantive response to the Defendants' motion for summary judgment.

On April 4, 2013, the magistrate judge denied the Flukers' motion for leave to file a second amended complaint. The judge highlighted the court's March 9, 2012 dead-

line for adding parties that had long since passed by the time the Flukers' filed their motion on February 4, 2013. Additionally, the judge had previously instructed the Flukers to file a motion to amend in October 2012, yet, the Flukers waited roughly four months to do so.

The Flukers filed a motion for reconsideration with the district court, as well as objections to the magistrate judge's April 4 order, on April 18, 2013.

On May 10, 2013, the district court denied the Flukers' objections and motion for reconsideration. The district court determined that the magistrate judge's order denying the Flukers' motion for leave to file a second amended complaint was "neither clearly erroneous nor contrary to law" and that the Flukers failed to demonstrate good cause for modifying a judge's scheduling order as required under Federal Rule of Civil Procedure 16(b)(4). The district court also denied the Flukers' motion for voluntary dismissal, finding the Flukers' reasons to be unpersuasive, though he also stated that a decision on the voluntary motion to dismiss was "incidental to the ultimate outcome of [the] case." The district court then looked to the Defendants' summary judgment motion. The court first determined that the PLRA was applicable to the Flukers' claims and that the Flukers "provided no evidence that they … exhausted their administrative remedies by filing a grievance."[2] Accordingly, the

---

[2] The Center's Inmate Handbook states that an inmate may "submit grievances or complaints regarding any incident, condition, treatment, or (…) other matters pertaining to the facility rules and regulations." Any grievance, however, "must be written on an Inmate Grievance Form and submitted to a staff member for proper delivery." The parties agree that

(continued…)

court noted that "summary judgment must be granted to [the] Defendants on this ground alone"—and the dismissal would have been without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 400–01 (7th Cir. 2004). The court next moved to the merits of the Flukers' claims. In doing so, it concluded that (1) the undisputed material facts did not support a § 1983 deliberate indifference claim or a willful and wanton claim under Illinois law, and (2) Debra's claim was derivative of Roy's claims. As such, summary judgment in favor of the Defendants was entered, and the case was dismissed with prejudice.

## DISCUSSION

As this appeal arises out of the district court's grant of summary judgment in favor of the Defendants, we review the decision *de novo*. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). The Flukers challenge a number of the lower court judges' rulings, but the crux of this case comes down to one main question: whether the district court could consider the merits of the Flukers' suit after it concluded that summary judgment in favor of the Defendants was appropriate due to the Flukers' failure to satisfy § 1997e(a). We believe so.

### I.

We begin our analysis by looking to the PLRA. Under the PLRA, "[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

---

Roy did not submit a grievance or complaint to the Center regarding any aspect of the June 14, 2011 incident before Roy was transferred from the Center to a new prisoner-housing location on July 9, 2011.

as are available are exhausted." 42 U.S.C. § 1997e(a). This means the prisoner must give the prison's grievance system "a fair opportunity to consider the grievance," which requires the complaining prisoner to "compl[y] with the system's critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). The Flukers have not challenged the district court's conclusion that Roy did not exhaust his administrative remedies (or even attempt to) and conceded as such in their brief, stating that "[i]t was undisputed from the inception of this case that Roy Fluker had not exhausted his administrative remedies with the Defendants." There is also no evidence that the Center misled Roy or caused his noncompliance with the administrative remedies.[3] *Cf. Curtis v. Tim-*

---

[3] At oral argument, the Flukers' counsel suggested that the Defendants' conduct made the Center's administrative remedies unavailable to Roy because Roy was in the hospital receiving treatment during much of the time he was in the Defendants' custody after the incident and the Defendants transferred him to a new location shortly after he was discharged from the hospital. This contention was not raised or developed in the Flukers' brief, so it is waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Nonetheless, this contention is puzzling because it is at odds with what the Flukers are asking us to do. They want us to, first, find that the district court improperly addressed the merits on summary judgment after concluding that dismissal pursuant to § 1997e(a) was appropriate; and second, remand with instructions to dismiss the case without prejudice. But if we were to determine that the Defendants prevented Roy from exhausting his administrative remedies so no remedies were actually "available," as the Flukers' counsel suggested, that would seemingly result in a conclusion that Roy actually *complied* (…) with the requirements of § 1997e(a), despite his admitted inaction. *See Dole v. Chandler*, 438 F.3d 804, 809–13 (7th Cir. 2007). The exhaustion affirmative defense would not be available to the Defendants in that situation, and the Flukers' desired remedy of "dismissal without prejudice" pursuant to § 1997e(a) would likewise be unavailable. We would then be

(continued…)

*berlake*, 436 F.3d 709, 711–12 (7th Cir. 2006). Summary judg-
ment on the PLRA ground alone was therefore warranted.

## II.

We have held that dismissals under § 1997e(a) for failure
to exhaust must be without prejudice. *See Ford*, 362 F.3d at
400–01. This is true even if exhausting administrative reme-
dies will prove to be impossible, as the Defendants contend
is true here.[4] *See id.* ("The district court dismissed Ford's §
1983 suit without prejudice … so that he could exhaust
whatever remedies remain under state practice and try
again. (If it is too late to pursue administrative remedies,
then exhaustion will prove impossible and § 1997e(a) will
permanently block litigation.)" (citing *Pozo v. McCaughtry*,
286 F.3d 1022 (7th Cir. 2002))). Thus, to the extent the Flukers
contend their case should have been dismissed without
prejudice if it was dismissed *solely* on the PLRA ground,
they are correct. But that is inconsequential here, as is the
parties' dispute as to whether it is still possible for Roy to
exhaust his remedies at the Center now that he is no longer
housed there. The real concern is whether the district court
had the ability to address the merits of the suit once it de-
termined that Roy failed to exhaust his remedies. If the dis-
trict court had that ability, there was nothing prohibiting it

---

required to affirm on the merits because the Flukers have not challenged
the lower court's dismissal on that ground.

[4] The parties dispute whether the language of the Center's Inmate
Handbook prohibits prisoners who are no longer housed at the Center
from exhausting the grievance procedures outlined in the handbook.
This case does not require us to address or resolve this issue.

from dismissing the suit with prejudice after deciding the merits on summary judgment.

The Flukers, directing us to *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999), contend the district court was precluded from rendering a decision on the merits once the Defendants raised § 1997e(a) as an affirmative defense and the court chose to grant summary judgment on that ground. In *Perez*, we explained that "[f]ailure to exhaust administrative remedies does not deprive a court of jurisdiction." *Id.* at 535. A district court can therefore decide a suit on the merits if a defendant does not raise failure to exhaust as an affirmative defense, even if the defense could have been asserted. *See id.* at 536. Both parties agree with that statement. A district court, however,

> must not proceed to render a substantive decision *until* it has first considered § 1997e(a). … Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations. [But] [w]hen they assert their rights—as the defendants in this case did—then the judge must address the subject immediately."

*Id.* (emphasis added). The Flukers argue that this language establishes that the district court's opinion on the merits was an improper "advisory opinion." *See generally id.* ("Examining the merits first and then ordering a case dismissed on exhaustion grounds only if the plaintiff is apt to prevail … would border on (if it would not transgress) the rule against issuing advisory opinions."). If their contention is true, the court should not have addressed the merits, the suit should have been dismissed without prejudice, and Roy could still

attempt to exhaust remedies and later re-file the case.[5] Conversely, the Defendants contend the district court followed the quoted language and the requirements of *Perez*: the court *first* addressed the PLRA defense, as required, and *then* moved to the merits of the case.

As an initial matter, our holding in *Perez* was not that a court is *always* prohibited from addressing the merits of a suit if § 1997e(a) is raised as an affirmative defense. Rather, we simply said that § 1997e(a) "can function properly only if the judge resolves disputes about its application *before* turning to any other issue in the suit." *Perez*, 182 F.3d at 536 (emphasis added). The district court below did just that. And nothing in *Perez*, or any other case in this Circuit dealing with the PLRA or § 1997e(a), prohibits a district court's progression from the PLRA defense to the merits if the situation properly calls for it.

Here, the Defendants' summary judgment motion was fully briefed on the merits, and the Flukers had a full and fair opportunity to respond to the substance of the motions. At the time of dismissal, discovery was closed, and the court

---

[5] The parties agree that the Illinois statute of limitations has passed. The Flukers, however, acknowledge that they have an ongoing action in Illinois state court for negligent driving against Officer Matthew Meehan, who was not a party to the case below. Accordingly, the dismissal on the merits of the Flukers' federal claims and their willful and wanton conduct state law claims has not prevented them from maintaining a state law action based on a lower negligence standard. And contrary to the Flukers' contention at oral argument, res judicata *might not* apply to that claim. *See Bernstein v. Bankert*, 702 F.3d 964, 993 (7th Cir. 2012) ("[R]es judicata only bars an action if there was a final judgment on the merits and both the parties and claims in the two lawsuits are the same.").

had a complete factual record and all the information need-ed to resolve the case on the merits. This is different than cases we have encountered where the district court did not consider the PLRA defense first or where the parties had not yet completed discovery when judgment on the merits was entered. *Cf. Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005); *Brunnet v. Lappin*, 32 Fed. Appx. 766, 766–67 (7th Cir. 2003) (unpublished).

Accordingly, in the interests of judicial economy and fi-nality, it made perfect sense for the district court to address the merits of the case here. *See RWJ Mgmt. Co. v. BP Prods. N. Am.*, 672 F.3d 476, 481 (7th Cir. 2012) ("Evaluating considera-tions of judicial efficiency and duplication of judicial effort is not just a matter of toting up months or motions or the page counts of judicial orders. Rather, concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the … claims, or when there is no doubt about how those claims should be decided."). Dismissing the case without prejudice on the PLRA ground alone would have put the Defendants in a holding pattern, left to wait on the Flukers' next move without knowing if or when the suit might be reinstated — this, after almost two years of litigation and a comprehen-sive opportunity to address the merits of the case. That situa-tion would not have done justice to any of the parties, espe-cially considering that the Flukers have not (1) demonstrated that they possess additional information the district court did not consider that might support their claims, or (2) even challenged the propriety of the district court's conclusion. They only argue that the district court's decision was proce-durally barred, not that the dismissal on the merits was sub-stantively incorrect.

We are not alone in the approach taken here; other Circuits have utilized a similar approach. *See generally Thorson v. Epps*, 701 F.3d 444, 445–46 (5th Cir. 2012) *cert denied* 124 S. Ct. 53 (2013) (affirming a district court's grant of summary judgment on the merits even though the defendant also invoked the PLRA exhaustion defense in the district court); *Ramos v. Patnaude*, 640 F.3d 485, 487–91 (1st Cir. 2011) (affirming the district court's grant of summary judgment on the merits in favor of the defendant without delving into whether the district court's alternative decision to dismiss the case on § 1997e(a) grounds was proper); *Wishnefsky v. Salameh*, 445 Fed. Appx. 545, 549–50 (3rd Cir. 2011) (unpublished) (affirming on the merits a district court's grant of summary judgment in favor of the defendant without addressing whether the plaintiff properly exhausted his grievances); *but see Snyder v. Harris*, 406 Fed. Appx. 313, 316 (10th Cir. 2011) (unpublished) ("[E]ven if the district court could enter a disposition dismissing for lack of exhaustion and alternatively dismissing because the claim failed on the merits, this court should not affirm the merits determination if [the plaintiff] in fact failed to exhaust administrative remedies."). This is not surprising given that the primary purpose of requiring an inmate to exhaust his administrative remedies "is to 'alert[] the state' to the problem 'and invit[e] corrective action.'" *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007) (alterations in *Turley*)). In cases like this, it is doubtful whether the economics and benefits of § 1997e(a) could be recognized. Roy has long since been transferred out of the Center and into the custody of the federal prison system, and the case has likewise reached its final destination—a dismissal on the merits. Section 1997e(a) helps "reduce the quantity and improve the

quality of prisoner suits" by providing prison officials with the time and opportunity to address and rectify any complaints without the need for court intervention, *Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49 (1974)), rather than having a jail matter potentially resolved by a fact finder who is unfamiliar with prison practices and procedures. But the opportunity for that to apply here has passed, and it is impossible to reset the case to its starting point. As such, to dismiss the case without prejudice now, only to provide Roy with an opportunity to exhaust his remedies (which might not even be possible), would contravene the purpose of § 1997e(a).

We find no error in the district court's decision to move to the merits after making a determination on the PLRA defense. The case was ripe for final adjudication at the time of judgment, and the district court properly rejected the Flukers' bid to use § 1997e(a) for their own benefit by having the case dismissed without prejudice.[6] And because the Flukers have not challenged the district court's decision on

---

[6] As a side matter, the Flukers claim that it was somehow unfair for the Defendants to raise the § 1997e(a) defense almost a year after they filed this suit. It was no secret, however, that in prisoner suits, administrative (…) remedies must be exhausted before a prisoner may bring a cause of action regarding prison conditions. *See* 42 U.S.C. § 1997e(a). The Flukers knew that the Defendants could assert the defense if they wanted, and we cannot say that the lower courts erred in allowing the Defendants to raise the § 1997e(a) defense when they did, especially considering the Flukers concede in their brief that they knew "from the inception of this case" that Roy had not complied with the exhaustion requirement.

the merits, that decision—and the corresponding dismissal with prejudice—must stand.

**III.**

The Flukers elucidate two additional arguments regarding errors made below; neither is persuasive.

The Flukers contend the district court erred under Federal Rule of Civil Procedure 41(a) in prohibiting them from voluntarily dismissing their case. Reviewing this ruling for an abuse of discretion, *see Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007), we cannot fault the district court for denying the Flukers' motion. The district court explained the factors we outlined in *Pace v. Southern Express Company*, 409 F.2d 331, 334 (7th Cir. 1969), that a court should consider when determining whether a plaintiff's motion to dismiss without prejudice should be granted—i.e., in determining whether a defendant "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). The court described the time spent throughout the duration of the case and discovery, the Flukers' filing of six motions for an extension of time, and the Flukers' failure to even attempt to satisfy the § 1997e(a) requirements until late in the game. Based on this information, the district court was well within its discretion to deny the Flukers' backdoor attempt to avoid the impending summary judgment decision on the merits. *See Pace*, 409 F.2d at 334–35.

The Flukers also challenge the district court's denial of their attempt to file a second amended complaint, which we also review for an abuse of discretion. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868 (7th Cir. 2013). Their

brief, however, does not contain a legal argument as to how the judge abused his discretion. They simply argue that they "should not have been put in the position of seeking to voluntarily dismiss" and "were cornered into doing so." Any argument on this ground is thus waived. *See United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011) (explaining that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived" (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991))).

## CONCLUSION

The district court did not err by addressing the merits of the Flukers' suit after making an initial determination on the § 1997e(a) failure to exhaust defense, and the Flukers have not challenged the district court's granting of the Defendants' motion for summary judgment on the merits. Thus, having considered all the issues on appeal, we affirm the dismissal of the Flukers' suit with prejudice.