**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 14, 2019

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1728

| | |
|---|---|
| DAVID R. BENTZ, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-cv-0562-MJR-SCW |
| WILLIAM QUALLS, et al., *Defendants-Appellees*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

David Bentz, an inmate at Menard Correctional Center, sued prison officials under the Eighth Amendment for using excessive force against him, failing to protect him, and being deliberately indifferent to his medical needs. *See* 42 U.S.C. § 1983. After extensive proceedings, the district court entered summary judgment for the defendants based on Bentz's failure to exhaust administrative remedies. On appeal Bentz argues, and the state defendants concede, that the district court erred by not resolving a

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

disputed fact question relating to exhaustion. We agree that this was error and, accordingly, vacate the judgment and remand the case for further proceedings.

We review the entry of summary judgment de novo and construe all facts in the light most favorable to Bentz, the nonmoving party. *See Daugherty v. Page*, 906 F.3d 606, 609 (7th Cir. 2018). Bentz alleged that he was assaulted by correctional officers on May 11, 2014, suffered a jaw injury, and was denied medical attention. Over the next week, he filed two grievances complaining about the officers' conduct. First, on May 12, Bentz submitted an emergency grievance, but the next day a correctional officer told Bentz that he had discarded it. The prison officials dispute the existence of this grievance. Bentz filed a second grievance four days later. (That same day, he filed the underlying complaint in district court.) The warden deemed Bentz's second grievance to be a non-emergency and referred it to a grievance officer. The records show that the grievance was returned to Bentz, though Bentz denies having received it.

In his federal complaint, Bentz asserted claims of deliberate indifference based on his injuries and lack of treatment. Besides monetary damages, he sought injunctive relief to receive medical care for his jaw. Discovery ensued, and the district judge denied Bentz's repeated requests for an injunction—Bentz, the judge explained, had been receiving treatment for his jaw: he had seen a nurse who prescribed him pain medication and referred him to a doctor; he then saw the doctor, who ordered x-rays (that showed no abnormalities) and prescribed additional pain medication.

The defendants then moved for summary judgment, arguing that Bentz had failed to exhaust administrative remedies. No evidence, they maintained, supported his allegation that he filed a grievance on May 12, 2014. And even if he had done so, sufficient time had not passed when he filed this suit (four days later) to argue that administrative remedies were "unavailable" to him. *See* 42 U.S.C. § 1997e(a).

In January 2017, the magistrate judge conducted a *Pavey* hearing on the exhaustion issue. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). At the hearing, Bentz testified that on May 13, 2014, he was told by one of the defendant officers that the grievance he turned in the previous day had been thrown into a trashcan. Given that his discarded grievance would never be reviewed by the warden, Bentz maintained that he did not need to wait for his May 12 grievance to be returned: the officer's affirmative misconduct rendered his administrative remedies unavailable, and thereby fully exhausted.

The district court declined to resolve Bentz's contention regarding the May 12 grievance and rested its analysis, instead, on Bentz's failure to exhaust administrative remedies with regard to the grievance that he filed four days later, on May 16. Echoing the magistrate judge's recommendation, the district judge determined that the grievance filed on May 16 did not give the prison a sufficient chance to respond to Bentz's problem before he filed this lawsuit that same day. The judge entered summary judgment, ordered the clerk to close the case, and entered a separate judgment under Federal Rule of Civil Procedure 58.

On appeal Bentz principally challenges the district court's conclusion that he failed to exhaust his administrative remedies. He maintains that he should be treated as having exhausted his administrative remedies on account of the officer's affirmative misconduct in discarding his first grievance.

The state defendants concede that the factual dispute over the May 12 grievance requires a remand. "If that grievance was filed and then thrown away," they acknowledge, "Bentz's administrative remedies were unavailable because of a prison official's affirmative misconduct, and he could proceed with this lawsuit." Indeed, administrative remedies are "primarily 'unavailable' to prisoners where 'affirmative misconduct' prevents prisoners from pursuing administrative remedies." *Hernandez v. Dart*, 814, F.3d 836, 842 (7th Cir. 2016) (citation omitted). If Bentz submitted a grievance that was later willfully discarded by an officer, then his administrative remedies could be regarded as unavailable (and thereby exhausted). *See Dole v. Chandler*, 438 F.3d 804, 808–11 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006). But the district court never resolved the matter of the May 12 grievance, having decided the case instead on Bentz's failure to exhaust his administrative remedies with regard to the May 16 grievance. Whether Bentz filed a grievance that was discarded by an officer is a dispositive matter in this case and must be resolved as a threshold inquiry.

Notwithstanding their concession, the state defendants contend that an additional *Pavey* hearing is not necessary because "all of the relevant facts are already in the record." But this is a much too cramped view of the evidence. True, the *Pavey* transcript contains Bentz's testimony that his grievance was thrown away, and the record includes the prison's grievance logs (which make no mention of Bentz ever having filed the first grievance), but a prison's grievance log is not likely to record instances of misconduct of the sort that Bentz complains of here. On remand, the district court should take whatever steps it deems necessary to determine whether Bentz's first grievance was discarded.

One final matter: defendant Jeremy Butler, a registered nurse, submitted his own brief on appeal, arguing that we should affirm the entry of summary judgment in his favor because Bentz's grievance failed to "grieve any issue related to medical care" and so did not adequately put the prison on notice of any complaints with his medical care. But the question of notice does not precede the unresolved threshold question whether Bentz was prevented from exhausting his administrate remedies. *See Fluker v. Cty. of Kankakee*, 741 F.3d 787, 792–93 (7th Cir. 2013); *Perez v. Wis. Dept. of Corrs.*, 182 F.3d 532, 536 (7th Cir. 1999).

In light of the foregoing, we VACATE the entry of summary judgment and REMAND the case for further proceedings.