**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2988
_____

TARIQ WYATT,
Appellant

v.

C.O. WEST; SGT. HEMPERLY; DEPUTY SUPERINTENDENT BANTA; JANE DOE
#1, Medical Personnel assigned to SCI-Mahanoy Medical 6/30/2023 answered phone call
from Lt. B. Rebarchak pertaining to plaintiff's inhaler; C. TOMS, RNS, Registered Nurse
at SCI-Mahanoy; C.O. CESPEDA; C.O. GREEN; JOHN DOE #1, Correctional Officer at
SCI-Mahanoy; JOHN DOE #2, Correctional Officer SCI-Mahanoy; JOHN DOE #3,
Correctional Officer SCI-Mahanoy; DENNIS WIEDERHOLD, Hearing Examiner
assigned to SCI-Mahanoy

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-01457)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed:  February 9, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Tariq Wyatt appeals pro se the District Court's order granting summary judgment to the defendants. We will vacate and remand for further proceedings.

I.

Wyatt filed a complaint with the United States District Court in the Middle District of Pennsylvania against multiple defendants employed at State Correctional Institution Mahanoy ("Mahanoy"). In his filing, Wyatt admitted that he had failed to exhaust institutional remedies (i.e., he had filed suit prior to the conclusion of the three-step inmate grievance procedure).[1] However, after filing his complaint, Wyatt alleged that he had completed exhaustion during the course of litigation and indicated as much to the District Court.

Defendants moved to dismiss Wyatt's complaint without prejudice because he filed it before exhausting administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In their supporting brief, Defendants conceded that "Plaintiff may be permitted to bring his claims after he exhausts his administrative remedies. *See Garrett v. Wexford Health*, 938 F.3d 69, 81 n.16 (3d Cir. 2019) ('We note that we have allowed complaints filed prematurely to be dismissed without prejudice and then refiled when the administrative remedies were exhausted.')." **ECF No. 17-2 at 17.**

The District Court converted Defendants' filing into a summary judgment motion under Federal Rule of Civil Procedure 56 and ordered Defendants to file a statement of

---

[1] The incidents in Wyatt's complaint were raised in eight grievances and one appealed misconduct.

facts pertaining solely to the issue of exhaustion.  Defendants filed their statement of facts and attached copies of Wyatt's grievances.  In their statement, Defendants averred that Wyatt had fully exhausted four of the grievances, procedurally defaulted on two, and failed to appeal two to the final stage.  Defendants also claimed that Wyatt had failed to appeal misconduct #D609191.[2]

The District Court granted summary judgment in favor of Defendants, and, in doing so, relied solely on three material facts: (1) Wyatt filed his complaint on August 27, 2023; (2) he had not exhausted administrative remedies prior to that date; and (3) he contends he fully exhausted them after filing his complaint.  The District Court therefore granted Defendants' motion for summary judgment solely on the basis that Wyatt initiated the suit prior to completing the grievance process.  Wyatt appealed.[3]  The parties have submitted their briefs, and this appeal is ripe for disposition.[4]

## II.

"Prisoners seeking to challenge the conditions of their confinement are subject to the PLRA," *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304 (3d Cir. 2020), which provides that "[n]o action shall be brought with respect to prison conditions under section

---

[2] Wyatt refuted this claim in his response to Defendants' motion for summary judgment, providing a copy of the August 30, 2023, final decision.

[3] The District Court granted Wyatt's request for an extension to appeal and extended the deadline to October 28, 2024.  He appealed on October 24, 2024.

[4] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's summary judgment decision.  *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In their initial motion to dismiss, Defendants argued that, pursuant to *Garrett*, Wyatt's claims should be dismissed without prejudice to refiling after exhausting his administrative remedies. Yet, the District Court granted summary judgment in Defendants' favor, improperly concluding that without-prejudice dismissals that allow for reinstatement of a complaint upon completion of exhaustion is contrary to the PLRA and to our holding in *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002).

We apply our pre-PLRA procedures to PLRA cases, *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000), which includes the determination that a prisoner's complaint, filed pre-exhaustion of administrative remedies, "should be dismissed without prejudice to its reinstatement [after exhaustion]," *Ghana v. Holland*, 226 F.3d 175, 184 n.4 (3d Cir. 2000) (alteration in original). And although it is atypical for a grant of summary judgment to produce a dismissal without prejudice, it is possible. *See, e.g.*, *Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 791-92 (7th Cir. 2013) (indicating that a grant of summary judgment for failure to exhaust admirative remedies as required by the PLRA should result in a dismissal without prejudice). A without-prejudice dismissal was proper here, especially given that Wyatt informed the District Court that he had since exhausted, provided evidence of his exhaustion, and asked the Court to consider his exhaustion to overcome Defendants' motion for summary judgment.

4

III.

We further conclude that, pursuant to *Garrett*, the District Court should have considered allowing Wyatt to amend or supplement his complaint to cure the filing defect related to exhaustion, construed one of Wyatt's five filings as a motion for leave to file a supplemental complaint,[5] or *sua sponte* categorized one of his filings as a supplemental complaint.[6]

In *Garrett*, we concluded that a complaint may be supplemented to cure a filing defect such as failure to exhaust. *See Garrett*, 938 F.3d at 91. The District Court therefore could have treated Wyatt's filings as supplements to his complaint. Instead, it determined that any steps Wyatt took to complete the grievance process after filing his

---

[5] Although Wyatt did not specifically title his filings as supplemental complaints, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). It is a "well-established principle that a pro se prisoner's pleadings should be subject to less stringent standards of specificity and their complaints should be construed liberally." *Lewis v. Attn'y Gen.*, 878 F.2d 714, 722 (3d Cir. 1989). Courts should look beyond the label attached to a filing and instead look for other bases to liberally construe the motion. *See Michael v. Horn*, 459 F.3d 411, 416 (3d Cir. 2006) (construing the litigant's letter as a pro se motion).

[6] A third alternative that was available to the District Court was to allow Defendants' concession that Wyatt had exhausted his remedies by that point to serve as a proper supplement to the pleadings, curing the complaint's original defect. *See Mathews v. Diaz*, 426 U.S. 67, 75 (1976) (finding that the pleadings were properly supplemented, curing the filings' original jurisdictional defect, by a party's stipulation that the individual had since satisfied the condition).

original complaint were "irrelevant." This approach disregarded both our discussion of

the PLRA,[7] and our distinction of *Ahmed*, in *Garrett*.[8]

IV.

For the foregoing reasons, we will vacate the District Court's order and remand for

further proceedings.

---

[7] Relying on *Bock*, we opined that because a complaint is brought under the Federal Rules of Civil Procedure, which allow a plaintiff to supplement his complaint after his original filing, supplementation to cure a defect is in compliance with the PLRA. *See Garrett*, 938 F.3d at 90 (referencing *Jones v. Bock*, 549 U.S. 199, 220 (2007) (stating the PLRA's boilerplate language does not suggest that procedural rules do not apply to its application)).

[8] "Because [Ahmed] sought to reopen a final judgment, the policy favoring the finality of judgments was implicated. The permissive policy favoring amendment under Rule 15 was simply not relevant." *Garrett*, 938 F.3d at 86. We further stated, "a different set of rules emphasizing vastly different policies pertained to the motion in *Ahmed*, and those rules do not apply to Garrett's case." *Id.*

6