**F I L E D**

**PUBLISH**

**January 3, 2007**

**UNITED STATES COURT OF APPEALS**

**Elisabeth A. Shumaker**
**Clerk of Court**

**TENTH CIRCUIT**

---

MICHAEL WHITINGTON,

    Plaintiff - Appellant,

    v.

JOE ORTIZ; AL ESTER; JOHN DOE;
SGT. OLSEN; SGT. HUFF; SGT.
HARDING; C/O BARNES; LT. JOHN
CORDOVA; and LT. ADELMAN,,

    Defendants - Appellees.

No. 06-1362

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 06-CV-00759-ZLW)**

---

Submitted on the briefs:[*]

Michael Whittington, pro se.

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

---

    [*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Whitington, a state prisoner proceeding *pro se*, appeals the District Court's order dismissing without prejudice his 28 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. Because Mr. Whitington properly exhausted the detention facility's grievance process before seeking judicial review, we REVERSE and REMAND. We GRANT Mr. Whitington's application to proceed *in forma pauperis*.

## I. BACKGROUND

On April 20, 2006, Mr. Whitington filed a § 1983 action asserting his constitutional rights were violated because (1) officials of the Colorado Department of Corrections ("CDOC") denied him access to free hygiene products in violation of the Eighth Amendment prohibition on cruel and unusual punishment and (2) the CDOC's policies regarding prisoner payment for hygiene items forced him to choose between litigating his four lawsuits pending in state court or paying for hygiene items and dental care in violation of his Eighth, Fourteenth, Fifth and First Amendment rights. Mr. Whitington contends that he was and is unable to pay for hygiene items out of his prison income after the CDOC debits his prison account to pay for restitution, medical care, legal photocopies, and legal postage. He therefore requested free basic hygiene products from prison officials, who refused his requests pursuant to CDOC policy. As a result, Mr. Whitington was without hygiene products for extended periods of time, which he alleges caused him to suffer gum infection requiring surgery and the loss of a tooth.

-2-

Prior to filing his § 1983 action in federal district court, Mr. Whitington pursued administrative remedies pursuant to the formal three-step grievance process available under CDOC administrative regulation 850-04. On August 11, 2005, Mr. Whitington completed a "Step 1" grievance, specifically complaining that officials denied him basic hygiene items and that the prison's policy allowing officials to deny these hygiene items is unconstitutional because it required him to choose between accessing the courts and obtaining hygiene items. The CDOC did not respond to this grievance within the time required under the regulations, *see* CDOC Admin. Reg. 850-04.IV.D. (requiring written response to Step 1 grievance within 25 calendar days of receipt). This failure to respond permits a prisoner to move to the next step in the process, *see* CDOC Admin. Reg. 850-04.IV.D.1d.[1] On September 12, 2005, Mr. Whitington filed a "Step 2" grievance, raising the same issues as before. The CDOC denied his Step 2 grievance on October 3, 2005. On October 6, 2005, Mr. Whitington filed a "Step 3" grievance, which is the last step in the process. The regulation requires the CDOC to respond to a Step 3 grievance within 45 days. *See* CDOC Admin. Reg. 850-04.IV.D. On April 20, 2006, 196 days after he filed his Step 3 grievance, Mr. Whitington still had not received a response from the CDOC. He therefore filed the instant § 1983 complaint with the District Court. On May 25, 2006, during the pendency of the case before the District Court and over seven months after Mr. Whitington filed the Step 3 grievance, the grievance office denied the

---

[1]On November 10, 2005 the grievance office finally denied the Step 1 grievance.

Step 3 and stated that Mr. Whitington exhausted his administrative remedies.

The District Court dismissed Mr. Whitington's claims for failure to exhaust administrative remedies, noting that the PLRA requires exhaustion *prior to* the filing of an action in court, rather than during the pendency of that action. Because the response to the Step 3 grievance was not filed until after Mr. Whitington initiated his claim, the District Court concluded he had not exhausted his administrative remedies prior to filing his action. The District Court also found that Mr. Whitington's complaint before the court introduced a new claim that was not administratively exhausted, and therefore dismissed the entire case under the total exhaustion rule.[2]

## II. DISCUSSION

Our review of a dismissal under the PLRA for failure to exhaust administrative remedies is de novo. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1185 (10th Cir. 2004). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits by (1) allowing prison officials an opportunity to satisfy the inmate's complaint—thus obviating the need for litigation; (2)

---

[2]Because Mr. Whitington's complaint was subject to the screening requirement of 28 U.S.C. § 1915(e)(2), his complaint was not served on defendants and the defendants therefore have not filed a responsive brief.

filtering out some frivolous claims; and (3) creating an administrative record that facilitates review of cases that are ultimately brought to court. *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002).

The District Court first found that Mr. Whitington did not properly exhaust his administrative remedies because he filed his action in the District Court while administrative resolution of the Step 3 grievance was still pending. The District Court also found that Mr. Whitington included in his complaint before the District Court a new claim that Mr. Whitington did not include in his grievances, and the entire case must therefore be dismissed under the Tenth Circuit's "total exhaustion" rule. *See Ross*, 365 F.3d at 1189 ("[T]he presence of unexhausted claims in [a] complaint require[s] the district court to dismiss [the] action in its entirety without prejudice."). The District Court's conclusions are incorrect on both counts.

The CDOC's grievance process requires the CDOC to respond in writing to the inmate's Step 3 grievance within 45 days of receipt. *See* CDOC Admin. Reg. 850-04.IV.D. This response certifies that the inmate has exhausted his administrative remedies. *See id.* Here, Mr. Whitington waited 196 days for a response to his Step 3 grievance before filing his complaint with the District Court. While it is true that a district court may dismiss a complaint for failure to exhaust when administrative resolution of the complaint is still pending, *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (an inmate who starts but fails to complete the grievance process is "barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his

administrative remedies"), a prisoner cannot be required to wait indefinitely for a response to his final grievance before he may seek judicial review. That is, when prison officials fail to timely respond to a grievance, the prisoner has exhausted "available" administrative remedies under the PLRA. *See id.* ("[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable . . . ."); *see also Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (recognizing that officials' failure timely to respond to grievance could be basis for prisoner to show he exhausted available administrative remedies). Because the CDOC did not timely respond to Mr. Whitington's Step 3 grievance, Mr. Whitington effectively exhausted his administrative remedies.

The District Court also erroneously read Mr. Whitington's complaint to include a third, unexhausted claim requiring dismissal under the total exhaustion rule. Mr. Whitington's complaint to the District Court did delineate three separate "claims." The District Court read the third claim to suggest that Mr. Whitington experienced an unconstitutional delay in receiving dental care, which the court considered to be separate from his claims relating to free access to hygiene products. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (a delay in medical treatment violates the Eighth Amendment if the delay results in substantial harm to the inmate). However, nowhere in the third claim is there a mention of a delay in dental treatment. Rather, the third "claim," as delineated in Mr. Whitington's complaint, seeks only to consolidate his arguments from the first two claims and to elaborate on the way in which the CDOC's policies deny

prisoners funds to purchase hygiene items and forced his choice between hygiene and litigation. It is not a claim separate from his first two claims. *See Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) (noting that this Court construes a pro se complaint liberally).

Indeed, Mr. Whitington's focus elsewhere in the complaint on the dental harm he suffered is logically included not to allege a separate claim, but to satisfy his obligation to state a claim under the Eighth Amendment. A deprivation of hygiene items without any corresponding injury would not state an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *see also, e.g., Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (holding prisoner's claim that prison officials' refusal to provide hygiene items causing "his gums to bleed and recede and tooth decay" states a claim for a violation of the Eighth Amendment). As such, we hold that the District Court erred in dismissing Mr. Whitington's complaint for failure to exhaust administrative remedies.

Finally, we must address the District Court's denial of Mr. Whitington's motion to proceed on appeal *in forma pauperis*. The court found that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3) because he failed to give a reasoned nonfrivolous argument on the law and supporting facts in support of the issues raised on appeal. *See*

28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  As the foregoing discussion demonstrates, we disagree.  We therefore grant Mr. Whitington's motion to proceed *in forma pauperis*.

### III.  CONCLUSION

For the foregoing reasons, we REVERSE the District Court's decision dismissing Mr. Whitington's claim for failure to exhaust administrative remedies and REMAND to the District Court for further proceedings not inconsistent with this decision.  We GRANT Mr. Whitington's motion to proceed *in forma pauperis*.  We remind Mr. Whitington that he must continue his payments until his fee is paid in full.