FILED
United States Court of Appeals
Tenth Circuit

October 15, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

DENVER FRANKLIN SHAW,

      Plaintiff - Appellant,

v.

CARROLL WAYNE ROGERS, ROY
GENTRY, LEFLORE COUNTY
OKLAHOMA, JOHNNY RODRIGUEZ,
and LEFLORE COUNTY SHERIFF,

      Defendants - Appellees.

No. 07-7039

(E.D. Okla.)

(D.C. No. CIV-04-381-S)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HENRY, TYMKOVICH,** and **HOLMES**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Denver Franklin Shaw brought this action against Carroll Wayne Rogers, Roy Gentry, County of LeFlore State of Oklahoma, and the LeFlore County Sheriff, under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. The district court granted summary judgment in favor of all defendants based on Mr. Shaw's failure to exhaust his administrative

_____

[*] This order and judgment is not binding precedent except under the doctrines of the law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Between September 2002 and July 2003, Mr. Shaw was taken to the emergency room four times for back-related health issues. He was diagnosed with a cervical and lumbar strain, a probable pinched nerve, a shoulder sprain, and degenerative changes in his spine. Mr. Shaw had back surgery in July 2004, while in Department of Corrections custody.

Mr. Shaw filed a claim under 42 U.S.C. § 1983 in August, 2004, naming six defendants: (1) Carroll Wayne Rogers, in his Individual and Official Capacity; (2) Roy Gentry in his Individual and Official Capacity; (3) LeFlore County, Oklahoma; (4) Dr. Spear, M.D., in his Individual and Official Capacity; and (5) Johnny Rodriguez, Chief of Staff, in his Individual and Official Capacity; and (6) Eastern Oklahoma Medical Center ("EOMC"). Defendants filed a motion to dismiss the case, which the district court converted to a motion for summary judgment, so that it could consider documents outside of the pleadings. On August 4, 2005, the district court granted summary judgment as to EOMC and Dr. Spear, because EOMC is not a state-owned hospital, therefore neither it, nor one of its doctors, could not have acted "under color of state law" as § 1983 requires. The district court later granted Roy Gentry's motion to substitute the LeFlore County Sheriff as the real party in interest in place of Mr. Gentry in his official capacity. He remains a defendant in his individual capacity.

2

On January 9, 2007, the remaining defendants filed motions for summary judgment. The district court granted summary judgment to defendants LeFlore County, Oklahoma, the LeFlore County Sheriff, Roy Gentry, and Carroll Wayne Rogers, because Mr. Shaw failed to exhaust his administrative remedies (and made no claims to the contrary). The district court further dismissed the action against Johnny Rodriguez, as Mr. Shaw failed to establish Mr. Rodriguez's personal participation in the events that constituted the alleged violation.

On appeal, Mr. Shaw claims that the district court erred in granting summary judgment to defendants because he asked for grievance forms, but was refused them. Mr. Shaw did not raise this issue with the district court. Mr. Shaw does not appeal the dismissal of the action against Johnny Rodriguez.

## II. DISCUSSION

We review the grant of summary judgment de novo. *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 585 (10th Cir. 2007). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). We review a district court's finding of failure to exhaust administrative remedies de novo. *Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007).

We have applied this rule strictly, holding that § 1997e(a) requires that an inmate completely and properly exhaust administrative remedies before pursuing a claim in district court. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Mr. Shaw claims that he

asked for a grievance form but was never given one. He failed to raise this argument with the district court, so we will not address it here. *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). This general rule is essential so that "litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941)).

The district court's decision is supported by the record. Mr. Shaw's inmate file does not contain any grievances, nor were there any independent files from the jail administrator's office or the Sheriff's Office regarding any grievance. Mr. Shaw did not begin, let alone complete, grievance procedures in the LeFlore County Jail. Thus, as the district court concluded, he did not exhaust his administrative remedies as required by § 1997e(a).

### III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment to defendants, for Mr. Shaw's failure to exhaust administrative remedies under the PLRA, 42 U.S.C. § 1997e(a).

Entered for the Court,

Robert H. Henry
United States Circuit Judge

4