**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY WAYNE RUSSELL,

      Plaintiff-Appellant,

v.

JASON LINCOLN, Jail Administrator;
JERRI CARRELL, Jail Nurse

      Defendants-Appellees.

No. 07-7081
(D.C. No. CIV-06-377-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Gary Wayne Russell, a state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights claim under 42 U.S.C. § 1983. The court granted defendants' motion to dismiss because Russell had failed to exhaust his administrative remedies before bringing suit. For substantially the same reasons set forth by the district court, we **AFFIRM**.

_____

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Russell claims he was denied access to legal and postal materials and was subject to medical malpractice while imprisoned in the McCurtain County Jail in Oklahoma. In his complaint, he alleged that he had exhausted his administrative remedies before bringing the instant suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In support of this contention, he attached copies of several "Request to Staff" and "Inmate Sick Call Request" forms which he had filed with jail staff.

Defendants filed a motion to dismiss, arguing that Russell had failed to exhaust his administrative remedies. They attached to this motion copies of the jail's inmate grievance procedures. Under these procedures, inmates must first submit a "Request to Staff," detailing any perceived abridgments of the prisoner's rights and privileges. If an inmate is dissatisfied with the staff's response to his request, he must then file a written "grievance" addressed to the jail administrator within seven to ten days. In addition to these procedures, defendants attached three "Request to Staff" forms submitted by Russell that were not attached to his complaint, and an "Inmate Grievance" form Russell filed in conjunction with one of his "Request to Staff" forms. Because Russell improperly filed his "grievance" concurrently with his request, and never filed grievances following responses to his other requests, defendants urge that he had failed to exhaust the jail's administrative remedies.

In support of their motion to dismiss, defendants relied on <u>Fitzgerald v. Corrections Corp. of America</u>, 403 F.3d 1134, 1139 (10th Cir. 2005), in which we held that the plaintiff bears the burden of pleading exhaustion of administrative remedies under the PLRA. After the motion was filed, but before the district court ruled on it, the Supreme Court handed down its decision in <u>Jones v. Bock</u>, 127 S. Ct. 910 (2007). <u>Jones</u> held that exhaustion of administrative remedies under the PLRA is an affirmative defense that must be pled by defendants, and overturned a Sixth Circuit rule requiring prisoner plaintiffs to plead exhaustion. <u>Id.</u> at 919-21. In light of <u>Jones</u>, defendants filed an amended motion to dismiss, arguing that Russell's failure to exhaust was clear from the face of his complaint and the supporting documents attached thereto.

After receiving several supplemental briefings and responses, the district court granted defendants' motion to dismiss because Russell had failed to exhaust his administrative remedies. Russell now timely appeals from that decision.

**II**

We review de novo a district court's dismissal of a prisoner's § 1983 action for failure to exhaust administrative remedies. <u>Whitington v. Ortiz</u>, 472 F.3d 804, 807 (10th Cir. 2007). Following <u>Jones</u>, the defendant bears the burden of raising exhaustion in its responsive pleadings. <u>Freeman v. Watkins</u>, 479 F.3d 1257, 1260 (10th Cir. 2007). In addition, in determining whether to grant a motion to dismiss, a court may only consider the materials in the pleadings and must accept

all of the plaintiff's allegations as true.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Viewing the facts alleged by Russell as true, see id., we conclude that he has failed to exhaust his administrative remedies.  We first note that because defendants raised the issue of exhaustion in their responsive pleadings, that issue was properly presented to the district court.  From the face of the complaint and the materials submitted by the parties, it is apparent that Russell only completed the first step in the jail's two-step grievance process, by filing "Request to Staff" forms.  Moreover, he filed these forms only with respect to his legal materials and medical claims, not his postal claims.  Although Russell had filed a "Inmate Grievance" form related to his medical claim, this form was improperly filed in conjunction with, and not as an appeal from, his "Request to Staff."  Russell thus failed to complete the second required step of the administrative grievance process on any of his claims, and the district court properly dismissed Russell's suit as a result.

### III

For the foregoing reasons, we **AFFIRM** the judgment of the district court. We also **GRANT** Russell's motion to pay the filing fee in partial payments, but

we remind him that he is obligated to continue making such partial payments until the entire fee has been paid.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge