**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANDREW ANTHONY GOMEZ,

  Plaintiff - Appellant,

v.

JAMES LOPEZ, Warden; ANTHONY
ROMERO, Deputy Warden; EMILY
GAUTHIER, Control Officer; JESSICA
LOPEZ, Correction Officer; LOUIE
NIETO, Correction Officer; JANE and/or
JOHN DOE, Correction Officer First
Responders; JANE and/or JOHN DOE,
Medical Providers,

  Defendant - Appellees.

No. 14-2070
(D.C. No. 2:12-CV-01198-RB-CG)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

* After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Andrew Anthony Gomez, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. Because Gomez did not properly exhaust his administrative remedies, we affirm.

## I

On November 19, 2012, Gomez filed a pro se complaint alleging that his Eighth Amendment rights were violated and that prison officials were deliberately indifferent.[1] Gomez's complaint claims that he received inadequate medical care after he was beaten by a fellow inmate while attempting to prevent that inmate from attacking prison staff. Over Gomez's objection that prison staff had thwarted his access to administrative remedies, the district court concluded that he had not properly exhausted his administrative remedies. The district court therefore dismissed Gomez's complaint, which had by then become time-barred, with prejudice. Gomez timely appealed.

## II

The PLRA requires that "available" administrative remedies be exhausted prior to filing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a). Our

---

[1] Because Gomez is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

review of a dismissal under the PLRA for failure to exhaust administrative remedies is de novo. Patel v. Fleming, 415 F.3d 1105, 1108 (10th Cir. 2005). On appeal, Gomez repeats a claim he made in district court that prison officials mishandled his informal grievances, thereby thwarting his attempts to exhaust his administrative remedies. See Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010) (excusing failure to exhaust administrative remedies "where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy"). Notwithstanding the status of Gomez's informal grievances, the district court held that because Gomez failed to file a formal grievance—the next step in the administrative process—he failed to exhaust his remedies.

Gomez attempts to justify his failure to file a formal grievance because New Mexico's prison policy does not explicitly provide that an inmate whose informal grievance receives no response from prison officials can file a formal grievance. He argues that because his formal grievance would have been returned for lack of an attached informal grievance, his failure to file a formal grievance should be excused.

Gomez's arguments are unavailing. He should have attempted to file a formal grievance after it was apparent that he would not receive a response to his informal complaint, and admits that he did not do so. Gomez did not meet his burden of showing that the remedy he failed to seek—a formal grievance—was unavailable to him. See Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011). Thus, allowing his claim to

- 3 -

proceed into the court system would be inconsistent with the PLRA.  See Whitington v. Ortiz, 472 F.3d 804, 807 (10th Cir. 2007) (explaining that the PLRA's exhaustion requirement aims to "reduce the quantity and improve the quality of prisoner suits by (1) allowing prison officials an opportunity to satisfy the inmate's complaint—thus obviating the need for litigation; (2) filtering out some frivolous claims; and (3) creating an administrative record that facilitates review of cases that are ultimately brought to court.").

### III

We **AFFIRM** the district court's judgment that Gomez failed to exhaust his administrative remedies.  We **GRANT** Gomez's motion to proceed in forma pauperis, but remind him of his obligation to make partial payments until the district court and appellate filing fees are paid in full.  See 28 U.S.C. § 1915(b)(1).

Entered for the Court

Carlos F. Lucero
Circuit Judge