FILED
United States Court of Appeals
Tenth Circuit

July 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAWRENCE M. MEADOWS,

    Plaintiff - Appellant,

v.

ALLIED PILOTS ASSOCIATION;
AMERICAN AIRLINES, INC.,

    Defendants - Appellees.

No. 15-4139
(D.C. No. 2:14-CV-00115-DS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Representing himself, Lawrence M. Meadows brought three claims against

defendants, who filed motions to dismiss. The district court granted defendants'

motions. When Mr. Meadows sought clarification of the dismissal order and leave to

amend his complaint, the court further explained its reasoning and denied leave to

amend. Then, when Mr. Meadows filed another post-judgment motion challenging

the dismissal order and the clarification order, the court denied it. Mr. Meadows has

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed, and defendants have moved to dismiss the appeal as untimely filed. To the extent Mr. Meadows challenges the dismissal order, we grant defendants' motions to dismiss because his notice of appeal was untimely. And although we conclude that the notice of appeal was timely as to the order clarifying the dismissal order and the order denying the second post-judgment motion, we affirm the district court's disposition of those motions.

## I. **Background**

Mr. Meadows was a pilot for defendant American Airlines (American) and a member of defendant Allied Pilots Association (APA). He was covered by a collective bargaining agreement (CBA) between the APA and American. In 2004, American placed him on a leave of absence because he was unable to qualify for a required medical certificate. In 2011, American terminated his employment because he had been on sick leave for more than the maximum of five years permitted under the CBA. Mr. Meadows filed a grievance arguing that the termination violated the Americans with Disabilities Act and the Sarbanes-Oxley Act. American denied the grievance. The APA advanced the grievance to a pre-arbitration conference, but American declined to settle. The APA then denied Mr. Meadows's request to advance the grievance to arbitration before the System Board of Adjustment (System Board), which was established by the CBA, because the grievance was based on federal statutory claims that he was already pursuing in the appropriate federal forums. Mr. Meadows filed a second grievance asserting that American violated the CBA when it removed him from a seniority list. American denied that grievance,

2

too, and the APA declined to advance it to arbitration before the System Board because it was contrary to the CBA.[1]

Mr. Meadows then filed this action. After defendants moved to dismiss his initial complaint, he sought leave to file a first amended complaint (FAC), where he advanced three claims. In the first claim, he sought an order compelling the APA and American to arbitrate his grievances before the System Board. In his second claim, Mr. Meadows asserted that the APA breached its duty of fair representation. And in the third claim he alleged that the APA violated the Labor Management Reporting and Disclosure Act (LMRDA) when it denied him access to a members-only discussion forum on the APA's website.

Both defendants moved to dismiss the proposed FAC for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). In an order filed November 3, 2014 (Dismissal Order), the district court granted Mr. Meadows's request for leave to file the FAC and granted defendants' motions to dismiss the FAC. The court dismissed the claim to compel the APA to arbitrate before the System Board because under the CBA and the APA's constitution and bylaws, only the APA's President has the right to bring an appeal before the System Board. The

---

[1] The second grievance was at issue when the district court dismissed this action, but later, in American's bankruptcy proceedings, the United States Bankruptcy Court for the Southern District of New York enjoined Mr. Meadows from pursuing this appeal as it relates to that grievance. The bankruptcy court's decision was affirmed on appeal. Accordingly, we mention the dismissal of claims involving the second grievance only because the dismissal is relevant to our analysis of appellate jurisdiction.

court also rejected Mr. Meadows's argument that he had a statutory right to arbitrate his grievances before the System Board under the Railway Labor Act because he provided no legal authority supporting that claim. The district court dismissed the arbitration claim against American because Mr. Meadows had provided only a conclusory statement that American had breached its duty when he was unable to arbitrate his grievances and, in any event, "the facts suggested that American fulfilled its obligations under the CBA." R., Vol. 2 at 120. The court dismissed the claim for breach of the duty of fair representation against the APA, concluding that Mr. Meadows did not plausibly allege that the APA's actions during its negotiations with American were arbitrary, discriminatory, in bad faith, or perfunctory. In the alternative, the court dismissed the claim because Mr. Meadows failed to plausibly plead that any breach of the duty of fair representation seriously undermined the grievance proceedings given that his grievances were outside of the System Board's jurisdiction. Finally, the court dismissed the LMRDA claim because Mr. Meadows failed to show he had exhausted "his [APA] remedies before filing his LMRDA claim." *Id.*; *see* 29 U.S.C. § 411(a)(4) (providing that exhausting a union's contractual remedies is a prerequisite to filing a civil action).[2] Despite granting defendants' motions to dismiss the FAC, the court did not state that it was dismissing the action, and it did not enter a separate judgment dismissing the action.

---

[2] In relevant part, § 411(a)(4) provides that any member of a labor organization "may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof."

4

Mr. Meadows filed a motion on November 25, 2014 (Clarification Motion), asking the court to clarify whether its dismissal was with or without prejudice and whether it had granted his motion for leave to file the FAC.  He also summarily asked if the court would "now permit him leave to amend his complaint."  R., Vol. 2 at 123. In a supporting reply brief, Mr. Meadows informed the court that he also wanted to add a new claim of discrimination.  *See id.* at 135.  Mr. Meadows said that he was "certain" he could provide "persuasive facts, authority and analysis to support all of his claims."  *Id.* at 136.

On April 27, 2015, the district court issued an order (Clarification Order) explaining that in the Dismissal Order, it had granted Mr. Meadows's request to file the FAC, dismissed with prejudice the claims seeking to compel arbitration and for breach of the duty of fair representation, and dismissed without prejudice the LMRDA claim.  The court also summarily denied the request for leave to further amend and directed the clerk "to close the case."  *Id.* at 156.

On May 26, 2015, Mr. Meadows filed a motion for post-judgment relief, invoking Federal Rule of Civil Procedure 59(e) (Rule 59(e) Motion[3]).  The district court denied that motion in an order filed August 31, 2015 (Rule 59(e) Order).

---

[3] Although we ultimately conclude this motion was filed too late to be construed as a Rule 59(e) motion with respect to the Dismissal Order, we refer to it as such for consistency with the parties' and the district court's references to it.

Mr. Meadows filed a notice of appeal on September 23, 2015, indicating that he intended to appeal the Rule 59(e) Order and "all previous orders . . . entered in the matter." R., Vol. 2 at 444.

## II. **Discussion**[4]

### A.     **Jurisdiction**

In their motions to dismiss this appeal, defendants argue that we lack jurisdiction because Mr. Meadows filed his notice of appeal too late. We agree that the notice of appeal was untimely as to the Dismissal Order, but conclude that it was timely as to the Clarification Order and the Rule 59(e) Order.

#### 1. **The Dismissal Order is a final, appealable order**

Circuit courts have statutory jurisdiction to review "final decisions of the district courts," 28 U.S.C. § 1291, and "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Accordingly, we first must determine whether the Dismissal Order was a final, appealable decision triggering the time to file a notice of appeal. Mr. Meadows claims the Clarification Order, not the Dismissal Order, was the final decision. We disagree.

A decision is considered final and appealable under § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Constien v. United States*, 628 F.3d 1207, 1210 (10th Cir. 2010) (internal

---

[4] We review Mr. Meadows's pro se filings liberally, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

6

quotation marks omitted). "In evaluating finality, . . . we look to the *substance* and *objective intent* of the district court's order, not just its terminology." *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006). "Thus, an order is not necessarily devoid of finality simply because it speaks in terms of dismissal of a complaint." *Id.* We therefore evaluate dismissals of complaints "to pinpoint those situations wherein, in a practical sense, the district court by its order has dismissed a plaintiff's action as well." *Id.*

In the easy case, where "a district court order expressly and unambiguously dismisses a plaintiff's entire action," the "order is final and appealable." *Id.* at 450. We lack that here; the district court only said it was granting defendants' motions to dismiss the FAC, and it did not enter a separate judgment dismissing the action.

Nonetheless, an order is final and appealable if "the district court's grounds for dismissal are such that the defect cannot be cured through an amendment to the complaint" or if "the language of the district court's order, the legal basis of the district court's decision, and the circumstances attending dismissal" indicate that the court intended to dismiss the "entire action." *Id.* at 450-51 (internal quotation marks omitted). The Dismissal Order is just such an order. The district court dismissed claim one (to compel arbitration) and claim two (breach of the duty of fair representation) due to incurable legal defects. We therefore reject Mr. Meadows's suggestion that the failure to specify whether the dismissal of those two claims was with or without prejudice renders the Dismissal Order nonfinal. And because the court based dismissal of the LMRDA claim on failure to exhaust internal APA

7

remedies, it is evident that, for the claim to proceed, Mr. Meadows had to do more than merely amend his complaint—he needed to return to the APA and seek review of his alleged exclusion from the discussion forum on the APA's website.  Finally, we resolve any ambiguity in the Dismissal Order "in favor of finality" because it does not contain a "sufficiently clear invitation for Mr. [Meadows] to amend the complaint or otherwise continue the proceedings in the district court."  *Id.* at 454 (internal quotation marks omitted).  For all these reasons, we conclude that the Dismissal Order is a final order appealable under § 1291.

In so concluding, we reject Mr. Meadows's argument that we should not consider the Dismissal Order as the final order for determining the appeal deadline because on December 1, 2014, shortly after filing the Clarification Motion, he filed notice that once the court ruled on the Clarification Motion, he intended, "if it so warrants," to file a Rule 59 motion "and/or" a notice of appeal.  R., Vol. 2 at 126. This conditional expression of intent to take some future action (depending on how the court ruled on the Clarification Motion) does not change the nature of the Dismissal Order or counsel against treating it as final and appealable.

We also reject Mr. Meadows's argument that the Clarification Order constitutes the final order for purposes of calculating the deadline to appeal the Dismissal Order because the district court not only clarified the Dismissal Order but substantially modified it by (1) dismissing the LMRDA claim without prejudice and granting him the right to refile it after exhausting APA remedies, (2) clearly denying

8

his motion for leave to amend, and (3) directing the clerk to close the case. We disagree for three reasons.

First, neither the Dismissal Order nor the Clarification Order expressly used the words "without prejudice" when describing the dismissal of the LMRDA claim. But both orders used similar language that leads only to the conclusion that the dismissal was without prejudice and Mr. Meadows could refile the LMRDA claim after he exhausted APA remedies. *Compare id.* at 120 ("Plaintiff must exhaust his [APA] remedies before filing his LMRDA claim.") *with id.* at 156 ("Plaintiff may file [the LMRDA claim] again once he has exhausted [APA] remedies."). Therefore, the Clarification Order did not modify the nature of the dismissal of the LMRDA claim, so it does not cast doubt on the finality of the Dismissal Order. Furthermore, dismissals for failure to exhaust administrative remedies should generally be without prejudice, especially where, as here, a district court does not dismiss a claim on the merits despite the failure to exhaust. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139-40 (10th Cir. 2005). And we have consistently held that dismissal without prejudice for failure to exhaust administrative remedies does not preclude a finding of § 1291 finality. *See, e.g.*, *Whitington v. Ortiz*, 472 F.3d 804, 806 (10th Cir. 2007); *Jernigan v. Stuchell*, 304 F.3d 1030, 1031 (10th Cir. 2002); *Enlow v. Moore*, 134 F.3d 993, 994 (10th Cir. 1998).

Second, the Dismissal Order clearly *granted* Mr. Meadows's motion for leave to file the FAC before granting defendants' motions to dismiss. *See* R., Vol. 2 at 121 ("[I]t is **HEREBY ORDERED** that Plaintiff's Motion to File First Amended

9

Complaint (#21) is **GRANTED**[.]").  The Clarification Order merely pointed this out; it did not, as Mr. Meadows's suggests, make its decision clear for the first time.[5]

Third, it is evident that the district court's instruction to the clerk in the Clarification Order to "close the case," *id.* at 156, was not meant as an indication that the Dismissal Order was not final but was intended to dissuade Mr. Meadows from further filings.  As the court later emphasized in denying the Rule 59(e) Motion, "[t]he case *remains closed* and plaintiff is cautioned to cease filing additional documents."  *Id.* at 443 (emphasis added).  We therefore decline to treat the case-closing instruction as an indication that the court did not intend the Dismissal Order to be final.

2. **The Notice of Appeal was untimely as to the Dismissal Order**

Having established that the Dismissal Order is a final, appealable order, we turn to the notice of appeal's timeliness.  As relevant to this case, a notice of appeal in a civil case "must be filed . . . within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  "'Judgment' . . . includes . . . any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  And except for orders disposing of certain types of motions, "[e]very judgment and amended judgment must be set out in a separate document."  Fed. R. Civ. P. 58(a).  The Dismissal Order required a

---

[5] Mr. Meadows may be arguing that the Clarification Order's denial of further leave to amend suggests that the Dismissal Order was not final.  But denial of further leave to amend was summary, which is unsurprising because his request was itself summary.  We therefore reject any argument that denial of further leave to amend affects the finality of the Dismissal Order.

10

separate Rule 58(a) judgment, but the district court did not enter one. In that circumstance, judgment for purposes of Appellate Rule 4(a) is considered entered when "150 days have run from entry of the . . . order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). Measured from entry of the November 3, 2014 Dismissal Order, judgment is considered entered on April 2, 2015, making the notice of appeal due no later than May 4, 2015.[6] But Mr. Meadows did not file his notice of appeal until September 23, 2015. Consequently, his notice of appeal was untimely as to the Dismissal Order, and we lack jurisdiction to review that order.

Contrary to Mr. Meadows's assertion, his filing of the Clarification Motion did not materially affect the deadline for appealing the Dismissal Order. He argues that because the court did not enter a separate judgment after entering the Clarification Order, judgment is deemed entered as to that order 150 days later, on September 24, 2015, making his appeal of the Dismissal Order due 30 days after that (on October 24). He thus maintains that his September 23 notice of appeal was timely. This argument assumes that the 150-day entry-of-judgment period ran from the denial of the Clarification Order, not from entry of the Dismissal Order. But as we have said, the Dismissal Order, not the Clarification Order, is the "judgment" for purposes of calculating the deadline for filing the notice of appeal as to the Dismissal Order. The Clarification Order was not itself a "judgment"—it merely ruled on the

---

[6] Because the last day of the 30-day period measured from April 2, 2015 was Saturday, May 2, the period continued to run until Monday, May 4. *See* Fed. R. App. P. 26(a)(1)(C).

Clarification Motion, which was a post-judgment motion filed under either Rule 59(e) or 60. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 884 (10th Cir. 2011) (explaining that when a party files a motion to amend its complaint after a district court grants a motion to dismiss, we treat the "motion as one made under either Fed. R. Civ. P. 59 or 60, depending on when the motion is filed.").

Specifically, because Mr. Meadows filed the Clarification Motion within 28 days of the Dismissal Order, it is properly construed as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."); *Jernigan*, 304 F. 3d at 1031 (construing motion for clarification filed less than 28 days after dismissal as a Rule 59(e) motion). And to the extent the Clarification Motion sought leave to further amend the complaint, it could also be construed as a Rule 60(a) motion. *See Coll*, 642 F.3d at 884; *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (explaining that Rule 60(a) may be used to seek clarification of what a court intended in a judgment). Rule 58(a) excludes orders disposing of Rule 59(e) and Rule 60 motions from the separate-judgment requirement. *See* Fed. R. Civ. P. 58(a)(4)-(5). At most, then, the Clarification Motion tolled the beginning of the period in which to file a notice of appeal from the Dismissal Order until the district court disposed of the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi) (providing that a timely filed Rule 59 or 60 motion tolls the time for filing a notice of appeal from the underlying judgment). But that tolling does not help Mr. Meadows because the district court issued the Clarification Order on April 27, 2015, making the notice of appeal of the

12

Dismissal Order due 30 days later, on May 27, and he filed his notice of appeal well beyond that date.

We also reject Mr. Meadows's argument that because he filed his Rule 59(e) Motion within 28 days of the Clarification Order, it tolled the time to appeal the Dismissal Order until 30 days after the August 31, 2015 denial of the Rule 59(e) Motion. Again, this argument assumes the Clarification Order started the time to appeal the Dismissal Order, but we have already rejected that theory. Any Rule 59 motion seeking relief from the November 3, 2014 Dismissal Order was due 28 days after entry of that order, and because Mr. Meadows did not file the Rule 59(e) Motion until May 26, 2015, it was clearly filed too late to act as a tolling motion for appealing the Dismissal Order. Indeed, because he filed the Rule 59(e) Motion more than 28 days after entry of the Dismissal Order, we construe it as a Rule 60(b) motion. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (explaining that a post-judgment motion filed after the period specified in Rule 59(e) is construed as a Rule 60(b) motion). And, regardless of how Mr. Meadows captioned his pleadings, the Clarification Motion was a tolling motion under Rule 59(e) and/or Rule 60(a), which makes the Rule 59(e) Motion a successive tolling motion that cannot further toll the time for filing a notice of appeal of the Dismissal Order. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (rejecting use of successive tolling motions to extend time to appeal underlying judgment).

13

3. **The notice of appeal was timely as to the Clarification Order and the Rule 59(e) Order**

The Rule 59(e) Motion did not toll the time to appeal the Dismissal Order, but it did toll the time to appeal the Clarification Order until September 30, 2015, which was 30 days after the order disposing of the Rule 59(e) Motion. *See id.* at 1179-80 (successive tolling motion tolls time to appeal denial of first tolling motion). And Mr. Meadows had until that same date to appeal the Rule 59(e) Order. Therefore, his September 23, 2015 notice of appeal was timely as to both the Clarification Order and the Rule 59(e) Order, and we have jurisdiction to review those two orders.

B.    **Clarification Order**

Although we have jurisdiction to review the Clarification Order, "we may consider *only* issues specifically raised in the [Clarification Motion] *and* specifically briefed on appeal." *Id.* at 1179. Mr. Meadows raised three issues in the Clarification Motion: (1) whether the dismissal of his claims was with or without prejudice, (2) whether the court had granted his motion for leave to file the FAC, and (3) whether the court would allow further amendment of his complaint. On appeal, he does not take issue with the district court's resolution of the first two issues.[7] He does, however, argue that the district court erred in denying leave to further amend

---

[7] Mr. Meadows's primary argument on appeal is that the district court erred in dismissing his claims. But that is a challenge to the Dismissal Order, not the Clarification Order, and as we have already explained, we lack jurisdiction to review the Dismissal Order.

14

his complaint on the ground of futility.[8]  We review that decision for abuse of discretion, which "includes de novo review of the legal basis for the finding of futility."  *Miller ex rel. S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

Mr. Meadows argues that the Clarification Order's denial of leave to further amend was arbitrary because the district court did not provide specific reasons for its decision other than alluding to futility of amendment.  We disagree.  The court applied the correct futility standard, which is that dismissal of pro se claims for failure to state a claim is proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend," *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation marks omitted).  And the court demonstrated the futility of amending any of the claims when it reiterated the legal obstacles to relief on the claims to compel arbitration and for breach of the duty of fair representation and observed (again) that Mr. Meadows could refile the LMRDA claim after exhausting APA remedies.[9]  Furthermore, as noted above, Mr. Meadows's request for leave to further amend was

---

[8] We glean this argument by liberally construing Mr. Meadows's opening brief despite the fact that he appears to conflate the Clarification Order's denial of further leave to amend his complaint based on futility with a misperception that the district court did not rule on his motion for leave to file the FAC until it issued the Clarification Order.  *See* Aplt. Opening Br. at 47-48.  As noted throughout our decision, the Dismissal Order *granted* leave to file the FAC.  The Clarification Order merely denied leave to *further* amend the complaint.

[9] In his appellate reply brief, Mr. Meadows indicated that he has since exhausted APA remedies and refiled the LMRDA claim.

summary; he did not explain how any proposed amendment would surmount the legal obstacles to the first two claims, he did not contend that the district court erred in concluding that he had not exhausted APA remedies, and he did not explain why he should be allowed to add a new claim for discrimination.[10] We therefore see no error in the district court's denial of further leave to amend as futile without providing any more specific reasoning than it did. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (explaining that district courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists" (internal quotation marks omitted)).

C.     **Rule 59(e) Order**

The district court denied the Rule 59(e) Motion because (1) two cases Mr. Meadows cited were either not intervening changes in controlling law or irrelevant to the issues in this case and (2) new evidence Mr. Meadows provided about his LMRDA claim did not resolve the failure to exhaust. Mr. Meadows has advanced no cognizable challenge to the district court's reasons for denying the Rule 59(e) Motion. Instead, his appellate arguments focus on the underlying merits of his claims, and he contends the district court appears to have ignored a separate request that it take judicial notice of "new-found evidence of [the APA's] material

---

[10] One of the district court's local rules provides that any party moving to amend a complaint must attach the proposed amended complaint to the motion. *See* DUCivR 15-1. Mr. Meadows did not comply with that requirement.

16

misrepresentations of fact and law," which he filed after filing his Rule 59(e) Motion and before the court issued the Rule 59(e) Order. Aplt. Opening Br. at 26. But our jurisdiction does not extend to the underlying merits because, as discussed above, the Rule 59(e) Motion must be construed as a Rule 60(b) motion, and "an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment," *Hawkins*, 64 F.3d at 546. And Mr. Meadows's opening appellate brief does not adequately explain how the district court's apparent disregard of his request for judicial notice would have led to a disposition in his favor on the Rule 59(e) Motion. We therefore conclude he has waived appellate review of the Rule 59(e) Order. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely . . . decline[] to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (explaining that pro se parties must "follow the same rules of procedure that govern other litigants," and that a pro se litigant's failure to comply with the requirement that appellate briefs "contain more than a generalized assertion of error . . . disentitle[s] him to review" (internal quotation marks omitted)).

## III. **Conclusion**

For the reasons stated, we grant defendants' motions to dismiss this appeal as to Mr. Meadows's challenge to the district court's Dismissal Order. We otherwise

17

deny the motions to dismiss, and we affirm the Clarification Order and the Rule 59(e) Order.

Entered for the Court


Jerome A. Holmes
Circuit Judge